```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
_____
                               :
SUSAN A. HEFFLEY,              :
                               :  Civil Action No.
            Plaintiff,         :  1:08-cv-3397-NLH-JS
                               :
       v.                      :     OPINION
                               :
ACME MARKETS, INC.,            :
                               :
            Defendant.         :
_____:
```

APPEARANCES:

James A. Curcio, Esq.
CURCIO & CURCIO
325 Bellevue Avenue
Hammonton, NJ 08037
*Attorney for Plaintiff*

Andrew J. Shapren, Esq.
BUCHANAN, INGERSOLL & ROONEY, P.C.
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
*Attorneys for Defendant*

**HILLMAN, District Judge**

This matter comes before the Court upon Defendant, Acme Markets, Inc.'s ("Acme"), Motion to Dismiss. For the reasons set forth below, Defendant's Motion is granted.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Susan Heffley, initially filed this action in the Superior Court of New Jersey - Law Division, Atlantic County on May 5, 2008. Invoking diversity jurisdiction, Defendant removed the Complaint to this Court on July 9, 2008. In response, Plaintiff filed a Motion to Remand on July 24, 2008, which the

Court denied on March 16, 2009.

Plaintiff's two count Complaint alleges that Defendant unlawfully terminated her employment in violation of its own internal policies and her contractual rights, as well as the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq. By way of relief, the Complaint seeks compensatory and punitive damages with interest, as well as attorney's fees and costs of suit. Defendant now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**II. DISCUSSION**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Further, the Court must accept as true any and all reasonable inferences derived from those facts. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The Court, however, may "not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation." Gil v. Related Management Co., No. 06-2174 (WHW), 2006 WL 2358574, at *2 (D.N.J. Aug. 14, 2006) (unpublished) (citing Miree v. DeKalb

County, Ga., 433 U.S. 25, 27 n.2 (1977)); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). Indeed, when weighing a motion to dismiss, a district court asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Nonetheless, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable theory." Id. at 562 (internal quotes omitted). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v.

3

Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Here, the only facts alleged in the Complaint are that Plaintiff was employed by Acme, "performed her duties in a thorough, capable, and conscientious manner," and was terminated. Although the Complaint includes sweeping legal conclusions that Plaintiff's termination was "unlawful" and in violation of the public policy of the State of New Jersey, Acme's internal policies, the contractual rights and reasonable expectations of Plaintiff, and the LAD, it fails to allege any support for these assertions.  No allegations are made with respect to whether Plaintiff had an employment contract with Acme and, if so, what the terms of the contract were and how they were breached.  Nor are there any allegations with respect to what Acme's internal policies were or what expectations Plaintiff had regarding her employment, or how Plaintiff's termination violated such policies and/or expectations.  Finally, no allegations are made with respect to what protected class, if any, Plaintiff is a member of or how she was treated differently than others in that class.

In short, there is nothing in the Complaint that raises a right to relief above the speculative level. See Twombly, 550 U.S. at 555.  Plaintiff has certainly failed to allege either direct or inferential facts regarding all of the material elements necessary to support her claims.  Id. at 562; see also El-Sioufi v. St. Peter's Univ. Hosp., 887 A.2d 1170, 1182 (N.J.

Super. App. Div. 2005) (holding that in order to establish a *prima facie* case of discrimination under the LAD, and Plaintiff must allege, *inter alia*, that she belonged to a protected class and that she was treated differently than others in that protected class); <u>Connolly v. Mitsui O.S.K. Lines (America), Inc.</u>, No. 04-5127, 2007 WL 4207836, *10 (D.N.J. Nov. 21, 2007) (holding that a plaintiff must allege more than simply "the words 'breach' and 'contract' in the same sentence to establish a breach of contract claim").  Instead, Plaintiff has alleged only the type of sweeping legal conclusions that a Court may not accept as fact.  <u>See</u> <u>In re Burlington Coat Factory</u>, 114 F.3d at 1429-30.

   Plaintiff's only opposition to this Motion is a one page letter, which the Court notes was filed ten days after the deadline imposed by the Court for the filing of opposition papers, arguing that the since the Complaint was initially filed in state court it should not be held to federal pleading standards.  This argument, however, is completely without merit. It is axiomatic that the Federal Rules of Civil Procedure apply to actions after they are removed from state court.  <u>See</u> Fed. R. Civ. P. 81(c)(1).  Thus, as the Complaint is plainly deficient as it is currently pled, Defendant's Motion to Dismiss must be granted.

**III. CONCLUSION**

    For the reasons set forth above, Defendant's Motion is granted. An Order consistent with this Opinion will be entered.


Dated:  April 20, 2009        s/ Noel L. Hillman
                                    HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey